GAY (UNITED STATES v.). See Case No. 15,193.

GAYLER (WILDER v.). See Cases Nos. 17,648 and 17,649.

---

## Case No. 5,282a.

### In re GAYLOR.

[Betts, Scr. Bk. 65.]

District Court, S. D. New York. May, 1842.

BANKRUPTCY—PROOF OF DEBTS.

[1. Debts may be proven at any time during the sitting of the court on the day for showing cause, and are not restricted to the hour fixed in the notice.]

[2. The clerk of the district court, who is a standing commissioner, is not empowered to take proof of debts in bankruptcy.]

In bankruptcy.

The counsel for the bankrupt [Charles G. Gaylor] moves his final discharge non obstante objections filed by one of his creditors, or that those objections be disallowed as irregular and filed out of time.

BETTS, District Judge. This is a point of practice touching proceedings on the day for showing cause under the 70 day notice. The order was that the creditors should show cause against the discharge on the 13th June, at 10 o'clock. The court since the commencement of the June term, did not commence till 11 a. m., and this case was therefore not before the court, or in a situation for any proceeding in his behalf under the notice, before 11 o'clock, and creditors and others in interest would not be prevented coming in at that time and meeting his application. But it is a misapprehension of the practice to suppose that creditors are restricted to the precise hour in their appearance and opposition to the final discharge of the bankrupt. The act requires notice to appear at a particular time and place to show cause, &c., at which time and place any creditor may appear and contest the right of the bankrupt to a discharge and certificate. The exception to the objections in this case, that they were not filed previous to 10 a. m. or 4 or 5 minutes before 11, is of no avail. It was sufficient if they were on file when the case was moved or had been offered in court, and indeed under the 77th rule, objections may come in at any time during the sitting of the court on the day for showing cause. I do not intend now to say but that the bankrupt may file his petition for his certificate after the sitting on the day appointed for showing cause, but clearly under rule 77, he cannot take that step until the opportunity to oppose him in court, throughout its session, that day has been allowed for his creditors and it would therefore be more prudent and more in consonance with the terms of the rule not to put the petition on file until the day subsequent.

I shall allow the creditor to prove his debt nunc pro tunc before a commissioner, and on such proof being made, his dissent already interposed to stand. That probably will not ·be urged as of any avail, he being the only dissenting creditor and only representing $5.000 or $6.000 of debt out of a gross amount of $130,000, but the point being as to regularity and right, I shall permit his papers to have the same effect as if no mistake had occurred as to the officer who could verify his debt, and leave the case to be disposed as if his debt had been regularly proved at the time. The new proof must be taken and filed within two days. In the above case, the exceptions taken to the objections were that they were not filed before 10 a. m. on the day for showing cause, and that the debt was proved before the clerk of the court instead of a commissioner in bankruptcy. The decision settles the questions that debts may be proved any time during the sitting of the court on the day for showing cause, and that the clerk of the U. S. district court, who is a standing commissioner, is not empowered to take proof of debts in bankruptcy.